IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRENDA E. BALBUENA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00188-KD-C |
| | ) | |
| **JOHN M. McHUGH, Secretary** | ) | |
| **Department of the Army, Agency,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On April 25, 2014, Brenda E. Balbuena (Balbuena), an employee of the U.S. Army Corps of Engineers, Mobile District, filed a *pro* se complaint alleging that she was discriminated against on basis of "age and reprisal" (doc. 1). The summons were issued May 1, 2014 (doc. 2). Balbuena sues John M. McHugh in his official capacity as Secretary of the Department of the Army, the Department of the Army as an "Agency", and possibly Leo J. Hickman in his capacity as Chief of Contracting or in his individual capacity. [1]

On July 15, 2014, Balbuena filed four Proofs of Service, which indicate that she attempted to serve defendants McHugh, Hickman and the United States Attorney General by certified mail, return receipt requested.[2] There is no Proof of Service as to the United States

---

[1] Although Hickman is not identified in the caption of Balbuena's complaint, she identifies

[2] Rule 4(i)(2) applies to service of an agency of the United States such as the Department of the Army and an officer or employee such as McHugh and Hickman sued in their official capacity. The Rule states as follows: "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To the extent that Balbuena sues Hickman in his individual capacity, Rule 4(i)(3) provides that "[t]o serve a United States officer or employee sued in an individual capacity . . . (whether or not

Attorney for this district or as to the Department of the Army, as an agency of the United States.

Balbuena signed each Proof of Service as the "Server" and listed her address. However, Balbuena is a party and Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and **not a party** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). A similar circumstance was addressed by the Court of Appeals for the Eleventh Circuit in *Albra v. Advan, Inc.,* 490 F. 3d 826 (11th Cir. 2007). Albra, filed a *pro* se complaint against his employer Advan, Inc. He alleged violations of the Americans with Disabilities Act and the Florida Omnibus Aids Act. The return of service to Advan's registered agent showed Albra as the process server. The circuit court explained as follows:

> Albra argues that service to Advan was proper because he mailed a copy of the summons to Advan's registered agent, Wayne Abbott, who was also named as a defendant in the action. . . .
>
> Federal Rule of Civil Procedure 4(c) provides that service of process shall be effected by serving a summons " *together with a copy of the complaint. ...* within the time allowed under [Rule 4(m)] .... by any person *who is not a party* and who is at least 18 years of age." Fed.R.Civ.P. 4(c) (emphasis added). A defendant's actual notice is not sufficient to cure defectively executed service. *See Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir.1991) (interpreting former Rule 4(j)), superseded in part by rule as stated in *Horenkamp v. Van Winkle And Co., Inc.,* 402 F.3d 1129, 1132 n. 2 (11th Cir.

---

the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

Thus, in either instance the United States must be served. To do so, Balbuena must "(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . " Fed. R. Civ. P. 4(i)(1).

> 2005). And although we are to give liberal construction to the pleadings of pro se litigants, "we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002).
>
> Here, the record demonstrates that Albra, the plaintiff in the suit, served Advan by mailing a copy of the summons without attaching a copy of the complaint. Accordingly, Albra failed to properly effect service upon Advan in accordance with Rule 4(c), and the district court's grant of Advan's motion to dismiss was proper.

*Id.* at 828-829 (italics in original).

For purpose of this decision, the Court will assume that Balbuena attached a copy of the complaint to the summons that she attempted to serve.³ However, because Balbuena is the plaintiff, and thus a party in the suit, she failed to properly effect service under Rule 4(c). Accordingly, the Proofs of Service are **STRICKEN**. *See also Green v. Florida*, 2013 WL 5567324 (M.D. Fla. Oct. 9, 2013) (citing Fed. R. Civ. P. 4(c)(2) and 4(c)(1) and finding that the certificates of service signed by plaintiff did not constitute proper service of process upon the defendants). ""Read together, then, Rules 4(i)(1) and 4(c)(2) direct that service upon the United States be made (1) by a person ... age 18 or older (2) who is not a party (3) either through in-person delivery or sending by certified mail a copy of the summons and complaint to both the Attorney General and the United States Attorney for the judicial district where the action is brought." *Lindsey v. United States*, 448 F.Supp.2d 37, 42 (D.C.Cir.2006) *abrogated on separate grounds*, *Ramer v. United States*, 620 F.Supp.2d 90, 99 (D.D.C.2009) (denying motion to dismiss for insufficiency of service of process).

Balbuena is not excused from compliance with the Federal Rules of Civil Procedure including the rules that apply to effecting service upon the defendants. "[B]oth the Supreme

---

³ Rule 4(c)(1) states that "[a] A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.".

3

Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005); *accord* Local Rule 83.9(b)("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order.")

However, since Balbuena is proceeding *pro* se and has now been apprised again[4] of her obligation to follow the Federal Rules of Civil Procedure, the Court extends her deadline for service beyond the 120-day period set forth in Rule 4(m)[5] of the Federal Rules of Civil Procedure. *Horenkamp v. Van Winkle & Company, Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (acknowledging that the district court has discretion to extend the time for service). **Therefore, Balbuena shall arrange service of the Summons and Complaint and file Proofs of Service in a manner that complies with the Federal Rules of Civil Procedure, on or before March 1, 2015.**

---

[4] The docket indicates that Balbuena was given a copy of the Pro Se Litigant Guide. As to service of the summons and complaint, the Guide states as follows:

> (2) Service of Summons and Complaint - Fed.R.Civ.P. 4(c)(2) states, "service may be effected by any person who is not a party and who is at least 18 years of age." Using this method, you direct someone else to deliver or serve a copy of the complaint and summons on the defendant(s). The most common methods for effecting service are certified mail with a return receipt, or personal service. Private process servers will also do this for a fee.

Pro Se Litigant Guide, p. 5.

[5] Rule 4(m) provides a time limit for service of 120 days. However the Court, "on motio or on its own after notice to the plaintiff -- must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

**Additionally, Balbuena is warned that failure to do so may result in dismissal of this action without prejudice for failure to comply with this Court's order and failure to comply with the Federal Rules of Civil Procedure**. *See Link v. Wabash R.R.,* 370 U.S. 626, 630 31, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) as not restricting the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket[] . . . [and] . . . [i]ncident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.")

Done and ordered the 2nd day of December 2014.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE