IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA BALBUENA, | : | |
| Plaintiff, | : | |
| vs. | : | CA 14-0188-KD-C |
| JOHN M. MCHUGH, Secretary, Department of the Army, et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1), the defendants' motion to dismiss (Doc. 23), and plaintiff's response (Doc. 25), which consists of a request that she be granted leave to freely amend her complaint "to comply with all required formalities." (*Id.* at 1.)[1] Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the defendants' motion to dismiss (Doc. 23) for failure to state a claim upon which relief can be granted.

## FINDINGS OF FACT

Brenda E. Balbuena filed a complaint in this Court on April 25, 2014, "based on at least two reasons: **AGE**, and **Reprisal.**" (Doc. 1, at 1.) Before outlining the specifics of each claim, it need be noted that plaintiff "filed a formal discrimination complaint" on July 2, 2013, with the "EEO Office, U.S. Army[]Corps of Engineers, Mobile District"

---

[1] In light of the contents of plaintiff's response (*see id.*), there is no reason for the undersigned to await the defendants' reply (*see* Doc. 24 (defendants' reply due September 29, 2015)).

against the former Chief of Contracting, Leo J. Hickman, and that her discrimination complaint was denied. (*Id.*) It is apparent that the complaint plaintiff filed with the EEO Office was denied, at least in part if not entirely, because of Balbuena's failure to file her complaint within forty-five (45) days of the adverse employment action. (*See id.* at 2.) By her own admission, plaintiff avers that she learned of King's promotion on April 22, 2013. (*Id.*)

> In support of her reprisal claim, Balbuena states the following:
>
> In 2002, Mr. Hickman had made a sexual gesture that offended me. I was getting more and more work. The EEO Officer, Mr. Donald Pettaway, Mobile District, arranged for Mr. Hickman and I to have mediation.
>
> The Mediation seemed to have made matters much worse. Mr. Hickman constantly reminded me that I should be happy to have a job and that my position as a Budget Analyst in [the] Contracting Division wasn't really needed. He constantly intimidated me.

(*Id.* at 1.) Balbuena, however, also references reprisal under her "Age" claim and the undersigned takes from such reference that plaintiff is claiming that Hickman retaliated against her by not affording her the same opportunity to complete her college education and be promoted—as was afforded to Sonya King—because of her 2002 EEO complaint against him and the forced mediation. (*Compare id.* at 2 *with id.* at 1.)

> Balbuena's "Age" claim reads, in its entirety, as follows:
>
> Mr. Hickman showed favoritism towards the younger employees. For years I asked Mr. Hickman if Contracting would help fund the completion of my degree in the field of Accounting/Business, which was [] also the field that I worked [in]. Mr. Hickman repeatedly refused. When one of the younger employee[]s, Sonya King, asked if he would pay for the completion of her online degree, he willingly agreed. Ms. King was in a Contracting series position, by Mr. Hickman paid for her to get a degree in Accounting, which was actually my field.
>
> After I learned about Mr. Hickman funding the other employee's online Phoenix Degree, I asked him why he would not pay for my training. As usual, Mr. Hickman intimidated me as he had done for years. He started holl[er]ing, screaming and beating on the desk. He asked me, "Why would I keep beating a dead horse?" Furiously, Mr. Hickman abruptly

proceeded to leave out of the room and close the door while I was standing in the door. He tried to shut the door on my leg as I stood there. Again, he showed me how angry he could get when confronted. In April 2010, Mr. Hickman began payments on Ms. King's classes in the amount of approximately $10,000. She received her degree in Accounting and Mr. Hickman started making preparations for her promotion.

It has been stated that I went beyond the 45[-]day requirement to file an EEO complaint against the former Chief of Contracting, Leo J. Hickman. The following reasons prevented me from filing within the time limit.

(1). I knew that if I filed before Mr. Hickman retired, he would find a way to get even with me. He had never gotten over me asking for mediation.

(2). I knew that I had proof that Mr. Hickman had already placed Ms. King[,] who was presently a GS-9[,] on a new Organization chart as a GS-11/GS-12 position[, b]ut I also thought that I could not complain until Ms. King was actually selected and announced for the promotion. I found out around the 22 of April 2013 that Ms. King had been promoted.

When the Job announcement was opened for a Procurement Analyst, I did not meet the qualifications[] because it required a college degree. Mr. Hickman paid for the younger employee's education. I was not given the same opportunity as Ms. King because Mr. Hickman had discriminated against me because of my age & reprisal from past reasons. Mr. Hickman wanted to make sure I did not meet the qualifications on the job announcement and that Ms. King did meet them.

Before Mr. Hickman retired, he stated hiring younger people, changing job descriptions[,] and promoting all of his favorites. I had been there 14 years[,] and I was told by Mr. Hickman[] if I was looking for a promotion in Contracting[] it would never happen.

(*Id.* at 2-3.) As a resolution, Balbuena seeks a promotion "to a GS-12 with back pay, beginning with the date of Ms. King's promotion." (*Id.* at 3.)

## CONCLUSIONS OF LAW

A.  **Motion to Dismiss Standard**.

The defendants' motion to dismiss has been brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 23.) The undersigned addresses each rule's appropriate standard in turn.

3

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

> can be based upon either a facial or factual challenge to the complaint. If the challenge is facial, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." [*Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)]. Accordingly, the "court must consider the allegations in the plaintiff's complaint as true." *Id.*
>
> A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* Furthermore, in *Williamson*, the former Fifth Circuit held that "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

*McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007); *see also Andersen v. Omni Ins. Co.*, 2014 WL 838811, *1 (N.D. Ala. Mar. 4, 2014) ("Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. 'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion— the court must consider the allegations of the complaint to be true. But when the attack

is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (internal emphasis, citations, brackets, and most quotation marks omitted)). The undersigned construes the defendants' jurisdictional argument[2]—the plaintiff having failed to "make any assertion which establishes subject matter jurisdiction[]" (Doc. 23, at 6) as a facial challenge because the defendants accept plaintiff's allegations as true for purposes of its motion[3] (*see* Doc. 23, at 8, 11 & 12).

Turning to the defendants' Rule 12(b)(6) arguments, a Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267,

---

[2] It would be preferable, of course, for the movants to specifically inform the Court whether their jurisdictional attack is facial or factual.

[3] The undersigned notes that, in *Lawrence v. Dunbar, supra*, the Eleventh Circuit held that "federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." 919 F.2d at 1531. That case involved a Rule 12(b)(1) motion to dismiss based on a "factual attack" on subject matter jurisdiction. *Id.* at 1529-1530. The district court dismissed the case for lack of subject matter jurisdiction after considering evidence and relying on the affidavit of a non-party to resolve a factual dispute between the parties as to whether one of the defendants, a federal employee, acted within the scope of his employment. *Id.* The Eleventh Circuit vacated the district court's opinion dismissing the case for lack of subject matter jurisdiction because the district court applied the wrong legal standard. *Id.* at 1530. The Eleventh Circuit concluded that "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Id.*, citing *Williamson v. Tucker*, 645 F.2d 404, 415-416 (5th Cir. 1981).

1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 & 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678, 129 S.Ct. at 1949, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1955.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim that has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

> elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief.

*Id*. at 678-679, 129 S.Ct. at 1949-1950 (internal citations and quotation marks omitted); *see also id*. 680, 129 S.Ct. at 1951 (a plaintiff must nudge his claims "'across the line from conceivable to plausible.'"); *see Speaker v. U.S. Dep't of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) ("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite [] statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to belief above the speculative level.'"); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in [p]laintiff's favor, but we are not required to draw plaintiff's inference. Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." (internal citations and quotation marks omitted)), *abrogated on other grounds as stated in Mohamad v. Palestinian Auth.*, ___ U.S. ___, 132 S.Ct. 1702, 182 L.Ed.2d 720 (2012).

    **B.**    <u>**The Defendants' Rule 12(b)(1) Motion to Dismiss**</u>.  There is no question but that plaintiff has failed to allege in her complaint a basis for this Court's exercise of subject-matter jurisdiction. (*See* Doc. 1.) However, it is just as clear that Balbuena,

7

through amending her complaint, can properly allege that subject-matter jurisdiction resides in this Court, either pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) or through some other grant of statutory authority, such as 29 U.S.C. § 633a(a) (the federal-sector provision of the ADEA) and 42 U.S.C. § 2000e-16 (Title VII coverage of federal employees). *See Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997) ("In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."), *cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). Accordingly, should the Court choose to grant the defendants' Rule 12(b)(1) motion to dismiss, as opposed to their Rule 12(b)(6) motion, it should grant the plaintiff leave to amend her complaint to allege a basis for this Court's exercise of subject-matter jurisdiction, *see* FED.R.CIV.P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."), as she has requested (*see* Doc. 25). The undersigned, however, recommends that the Court pay "short shrift" to the defendants' 12(b)(1) argument and focus, instead, on their Rule 12(b)(6) arguments inasmuch as it is clear to the undersigned that plaintiff has not stated a claim upon which relief can be granted, nor can she state a claim for relief against the defendants.

  C. **Plaintiff's Complaint Fails to State a Title VII Retaliation Claim**. "Title VII prohibits a private employer from retaliating against an employee who opposed practices made unlawful employment practices by Title VII or who '"made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [under title VII]."'" *Rives v. Lahood,* 605 Fed.Appx. 815, 818 (11th Cir. Mar. 25, 2015), quoting *Crawford v. Carroll,* 529 F.3d 961, 970 (11th Cir. 2008), in turn quoting 42

8

U.S.C. § 2000e-3(a). And while it is clear that the section of Title VII that governs federal employees, 42 U.S.C. § 2000e-16, "does not specifically mention retaliation," the Eleventh Circuit has recognized that "§ 2000e-16 expanded Title VII coverage to federal employees *to the same extent as it was applicable to non-federal employees*." *Id.* (emphasis supplied), citing 42 U.S.C. § 2000e-16 and *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998). Thus, the undersigned focuses first on whether plaintiff's complaint states a *prima facie* case of retaliation.[4]

---

[4] Before doing so, however, the undersigned would note that Balbuena has failed to provide enough information to establish that her retaliation and age discrimination claims were properly exhausted (and timely brought in this Court); therefore, her claims appear to be time-barred. *Compare Smithers v. Wynne,* 319 Fed.Appx. 755 (11th Cir. Jan. 4, 2008) *with Holder v. Nicholson,* 287 Fed.Appx. 784 (11th Cir. Jul. 23, 2008), *cert. denied sub nom. Holder v. Shinseki,* 556 U.S. 1200, 129 S.Ct. 2031, 173 L.Ed.2d 1118 (2009). As the Eleventh Circuit recognized in *Smithers*, "under Title VII and the ADEA, federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." 319 Fed.Appx. at 756 (citations omitted); *see Souers v. Geren*, 2010 WL 1169730, *7 (S.D. Ga. Mar. 23, 2010) ("The exhaustion requirement applies to retaliation complaints by federal employees.").

> Prior to filing a formal complaint with the EEOC, federal employees who believe that they have suffered discrimination must contact an EEO counselor within 45 days of the allegedly discriminatory act, but the EEOC may extend that deadline, if the complainant shows that she was unaware of the time limit or was prevented from circumstances beyond her control from meeting the deadline. 29 C.F.R. § 1614.105(a)(1), (2). The EEOC must dismiss a complaint that is not timely brought before a counselor. 29 C.F.R. § 1614.107(a)(2). . . . After the agency itself has rendered a final decision on a federal employee's complaint, the employee has the option to appeal the decision to either the federal district court or to the EEOC. 42 U.S.C. § 2000e-16(c). In either case, however, the complainant must file the appeal within 30 days from the final decision. 29 C.F.R. § 1614.402(a), 401(a).

*Holder v. Nicholson, supra,* 287 Fed.Appx. at 790. Balbuena specifically avers that she found out about Sonya King's promotion on April 22, 2013 (Doc. 1, at 2) and, further, that she filed her discrimination complaint with the EEO Office of the Mobile District of the United States Army Corps of Engineers on July 2, 2013 (*id.* at 1), clearly more than 45 days after the "primary" allegedly discriminatory act (that is, her non-promotion) and literally years after Hickman refused plaintiff's repeated requests to pay for the completion of her college degree in accounting and his agreement to pay for a younger employee's college degree (*see id.* at 2 ("For years I asked Mr. Hickman if Contracting would help fund the completion of my degree in the field of Accounting/Business, which was . . . the field [in which] I worked. Mr. Hickman repeatedly refused. When one of the younger employee[]s, Sonya King, asked if he would pay for the completion of her online degree, he willingly agreed. . . . In April 2010, Mr. Hickman (Continued)

9

"To establish a prima facie case of retaliation,[5] the plaintiff must show that '(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment action; and (3) [s]he established a causal link between the protected activity and the adverse action.'" *Rives, supra,* 605 Fed.Appx. at 818-819 (footnote added), quoting *Bryant v. Jones,* 575 F.3d 1281, 1307-1308 (11th Cir. 2009).

> "[A] plaintiff making a retaliation claim under § 2000e-3(a) must establish that . . . her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 570 U.S. __, , 133 S.Ct. 2517, 2534, 188 L.Ed.2d 503 (2013).
>
> Causation may be shown by "close temporal proximity between the statutorily protected and the adverse employment action." *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam). "[M]ere temporal proximity, without more, must be very close." *Id.* . . . "A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Id.* In *Brown,* we held

---

began [making] payments on Ms. King's classes in the amount of approximately $10,000. She received her degree in Accounting and Mr. Hickman started making preparations for her promotion.")). Inasmuch as the foregoing establishes that Balbuena did not timely bring her complaint before an EEO counselor, the complaint was properly dismissed (*see* Doc. 1, at 2 (referencing dismissal)) and, as a result, plaintiff's claims have not been properly exhausted and are time-barred. *See Smithers, supra,* at 757. Moreover, the face of plaintiff's complaint fails to reveal that she appealed the agency's final decision to this Court within 30 days of that decision. *See Holder v. Nicholson, supra,* at 790. This constitutes but another reason why plaintiff's complaint must be dismissed.

Given these "threshold" problems, the undersigned issues this report and recommendation; it does not appear that Balbuena can file an amended complaint that would "cure" such deficiencies and otherwise state claims for relief against the defendants.

[5]   Although Balbuena "coins" her claim as a reprisal claim, it is properly treated as a retaliation claim. *Perryman v. West,* 949 F.Supp. 815, 818 (M.D.Ala. 1996) (recognizing that a reprisal claim has the same elements as a retaliation claim); *cf. CBOCS West, Inc. v. Humphries,* 553 U.S. 442, 460, 128 S.Ct. 1951, 1963, L.Ed.2d  (2008) ("Retaliation is not discrimination based on race. When an individual is subjected to ***reprisal*** because he has complained about racial discrimination, the injury he suffers is not on account of his *race*; rather, it is the result of his *conduct*." (some emphasis in original; some emphasis added)); *Cotton v. Cracker Barrel Old Country Store, Inc.,* 434 F.3d 1227, 1233 (11th Cir. Jan. 4, 2006) ("Although 'Title VII's protection against retaliatory discrimination extends to adverse actions which fall short of ultimate employment decisions,' the plaintiff must still demonstrate 'some threshold level of substantiality.' . . . We look to the 'totality of alleged ***reprisals***' to determine whether this burden has been met." (emphasis supplied; citation omitted)).

> that a three-month interval between the protected activity and adverse action was too long to show causation. *Brown,* 597 F.3d at 1182. The relevant date for determining temporal proximity between the protected activity and the adverse employment action is the filing of the discrimination complaint. *See Donnellon v. Fruehauf Corp.,* 794 F.2d 598, 601 (11th Cir. 1986) (measuring temporal proximity by the time between the filing of a discrimination complaint and the adverse action).

*Id.* at 819.

Here, the only statutorily protected activities referenced by Balbuena in her complaint are the EEO complaint she filed against Hickman in 2002 (*see* Doc. 1, at 1) and the EEO complaint she filed on July 2, 2013, again against Hickman (*id.*), this latter complaint, of course, having been filed after the alleged adverse employment actions referenced in her complaint (*see id.* at 2), that is, Hickman's actions of refusing to help pay for the completion of her accounting degree while, at the same time, readily agreeing to pay for a younger employee's completion of her college degree and his eventual promotion of that younger employee to a position requiring a college degree (*see id.* (plaintiff's allegations establishing that the referenced actions by Hickman began on or about 2010 through on or about April 22, 2013)). Balbuena's July 2, 2013 EEO complaint, however, cannot be utilized to establish the requisite causal link inasmuch as it is well-established that "[a]t a minimum, [a plaintiff] must show that the adverse act followed the protected conduct." *Griffin v. GTE Florida, Inc.,* 182 F.3d 1279, 1284 (11th Cir. 1999); *see also Sharpe v. Global Sec. Int'l,* 766 F.Supp.2d 1272, 1292 (S.D. Ala. 2011) ("[A]n employer cannot be held liable for Title VII retaliation when the alleged retaliatory acts preceded the protected conduct.").[6]  Moreover, the EEO complaint she

---

[6] Plaintiff makes no suggestion that Hickman (or anyone else) retaliated against her after her July 2, 2013 EEO complaint of age discrimination. *See Gomez-Perez v. Potter,* 553 U.S. 474, 491, 128 S.Ct. 1931, 1943 (2008) ("[W]e hold that § 633a(a) prohibits retaliation against a federal employee who complains of age discrimination.").

filed in 2002 cannot establish causation inasmuch as years (more than mere months) elapsed between this protected activity and the putative adverse employment activity described in the instant complaint. Needless to say, this multi-year delay between the filing of the EEO complaint and Hickman's actions in paying for a younger employee's college degree, while refusing to pay for plaintiff's completion of her college degree, and ultimate promotion of the younger employee to a position requiring a college degree, is much too long to establish the requisite causal link. *See Rives, supra,* 605 Fed.Appx. at 819; *Grier v. Snow,* 206 Fed.Appx. 866, 869 (11th Cir. Oct. 26, 2006) ("[A]n eight-month time period between the protected activity and the adverse employment [action] is insufficient, alone, to satisfy the 'causal connection' element of Grier's *prima facie* case.").

In light of the foregoing, Balbuena's retaliation/reprisal claim is due to be **DISMISSED** for failure to state a claim upon which relief can be granted.

D.     **Plaintiff's Complaint Fails to State an ADEA Claim**.  "A plaintiff may establish a *prima facie* case for an ADEA violation 'by showing that [s]he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual.'" *Cleveland v. Secretary of the Treasury,* 407 Fed.Appx. 386, 388 (11th Cir. Jan. 4, 2011), quoting *Chapman v. AI Transp.,* 229 F.3d 1012, 1024 (11th Cir. 2000). Initially, the undersigned notes that plaintiff's complaint is deficient because nowhere in the complaint does Balbuena set forth her age or the age of Sonya King; therefore, this Court has no basis upon which to find that plaintiff has properly "stated" the first and fourth elements of an ADEA violation. More importantly, plaintiff admits in her complaint that she was not qualified for the position that King garnered—Procurement Analyst—because she did not have a college degree; therefore, plaintiff cannot establish

the third element of an ADEA claim, nor, in truth, can she establish the second element since her lack of qualification for the job means that the failure to promote her was not an adverse employment decision.

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the defendants' Rule 12(b)(6) motion to dismiss (*see* Doc. 23) be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the Magistrate Judge is not specific.

    **DONE** this the 24th day of September, 2015.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**